IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
01 SEP 28 PM 12: 15
U.S. L... ...  COURT
N.D. OF ALABAMA

| | |
|---|---|
| CRYSTAL LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action Number |
| TUSCALOOSA PARTIES d/b/a UNIVERSITY ) | |
| MALL and ARONOV REALTY MANAGEMENT, ) | 99-C-3140-W |
| INC.; EPSCO, INC.; and GLEN TOWNSEND, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

ENTERED
SEP 2 8 2001

**MEMORANDUM OPINION ON DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT**

Defendants Tuscaloosa Parties d/b/a University Mall and Aronov Realty Management, Inc. ("Tuscaloosa Mall") and Employment Professional Service Company, Inc. ("EPSCO") have moved for summary judgment on the claims of Plaintiff Crystal Lowe. Lowe claims that she was subjected to a sexually hostile work environment by Defendants, sexually harassed and attacked by Defendant Glen Townsend, retaliated against by the corporate defendants, and that she is entitled to damages on state law claims of outrage negligent supervision, invasion of privacy, and assault and battery. For the reasons which follow, the Court finds that the moving Defendants are entitled to summary judgment on the outrage and negligent training/supervision/retention claims. EPSCO is entitled to summary judgment on the other state law claims. Otherwise, the summary judgment motions are due to be denied.

80

## I. Facts

EPSCO is a temporary staffing agency which hires workers to perform manual labor and clerical tasks and, on a contract basis, assigns these workers to various businesses. The employees are paid by EPSCO.

Tuscaloosa Parties owns a retail shopping mall in Tuscaloosa, Alabama, known as "University Mall." University Mall ("the Mall") is managed by Aronov Realty Management, Inc.

EPSCO has a contract with Aronov to supply temporary workers at the Mall. While EPSCO was responsible for its temporary workers' compensation, the Mall was responsible for these workers' schedules, training, supervision, and discipline.

On or about September 6, 1998, Plaintiff Crystal Lowe was assigned by EPSCO to work in the Housekeeping Department of the Mall. Lowe's supervisor was Glen Townsend, and employee of Aronov. Almost immediately after she commenced work at the Mall, Townsend subjected her to sexual harassment. He stood behind her and watched her as she walked. He pressed his body so close against hers that she could feel his genitals. He made numerous comments about his love for women with big breasts. He often adjusted his pants and grabbed his genitals in her presence.

Townsend's advances and conduct were unwelcomed by Plaintiff. She felt so uncomfortable that she called Amy Meggs, an EPSCO official, to explain that rather than reporting to work and being subjected to Townsend's lewd behavior on two occasions, she had called in and reported that she was sick. Meggs promised Plaintiff that she would "take care of it."

Townsend exploited his role as supervisor to arrange Plaintiff's schedule to mirror his schedule. Therefore, the two of them were at work at the same time.

Townsend once invited Plaintiff to go to a hotel with him when they were not scheduled to work. Again, frustrated with the situation, Plaintiff called Meggs again and requested to be reassigned to another business.

On September 24, 1998, Townsend lured Plaintiff into his office under the pretense of discussing her time cards. Once she got in the office, he shut and locked the door, and touched her breast. He proceeded to expose his sex organ and tried to place it in her mouth as she struggled to get away from him. His penis touched her lips and face. Luckily, Townsend was distracted by a noise and when he briefly retreated, Plaintiff escaped from the room. There were no witnesses to this attack.

The next day, when Plaintiff did not show up for work, Townsend reported it to his supervisor, Ben Carnes, and recommended that Plaintiff be replaced. Carnes then requested EPSCO to send a new person for the job which Plaintiff had held. Subsequently, EPSCO removed Plaintiff from her assignment at the Mall.

## II. Applicable Law & Analysis

Both Tuscaloosa Mall and EPSCO argue that each is not an "employer," within the meaning of 42 U.S.C. § 2000 e *et seq.* (" Title VII"). EPSCO says that it is not an employer because it did not control Plaintiff's schedule, wages, or discipline. on the other hand, the Mall insists that it is not an employer because it neither hired nor paid Plaintiff.

### A. Definition of Employer

Title VII's "term "employer" is to be interpreted liberally. Virgo v. Riveria Beach Assoc. Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994). Under Title VII, an employer is determined by "economic realities of the relationship viewed in light of the common law principles of agency

and the right of the employer to control the employee." Cobb v. Sun Papers, Inc., 673 F.2d 337, 341 (11th Cir. 1982).

The Eleventh Circuit has held that for purposes of Title VII, a temporary employment agency's customer may sometimes be deemed the employer of the worker assigned to it. Reynolds v. CSX Transp., Inc., 115 F.3d 860, 869 n.12 (11th Cir. 1997) vacated on other grounds, 524 U.S. 947 (1998) (citing Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, 611 F. Supp. 344 (S.D. N.Y. 1984)). Relying on the "loaned servant" doctrine, the court in Amarnare found the plaintiff was an employee of both the staffing agency and its client. Id., 611 F. Supp. at 349.

For purposes of their summary judgment motions, then, Plaintiff must be regarded as the employee of both Tuscaloosa Mall and EPSCO.

### B. Hostile Work Environment Claim

Generally, determining the existence of a hostile work environment is a question of fact based on the totality of the circumstances. Meritor Savings Bank v. Vinson, 477 U.S. 57, 69 (1986). EPSCO contention that it was unaware of the harassment is contested by Plaintiff, who maintains that on two separate occasions before she picked up her last paycheck, she informed EPSCO of the harassment.

The Court makes short shrift of the moving Defendants' argument that a hostile work environment did not exist. Only by discrediting Plaintiff can that conclusion be drawn; and at the summary judgment stage, credibility determinations are inappropriate.

Disputed facts preclude the granting of summary judgment on Plaintiff's adverse

employment action and retaliation claims.

### C. State Law Claims

#### 1. Invasion of Privacy

Under Alabama law, an invasion of privacy consists of four "limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and (4) appropriating some element of the plaintiff's personalty for a commercial use." Johnson v. Fuller, 706 So.2d 700, 701 (Ala. 1997).

For summary judgment purposes, it must be assumed that while acting as her supervisor, Townsend touched Plaintiff in an intrusive manner in private places on her body and tried to force her to perform oral sex. These facts establish a sufficient jury question as to whether Townsend intruded into Plaintiff's physical solitude or seclusion, and whether his employer ratified his action.   Therefore, summary judgment for Tuscaloosa Mall would be inappropriate on this claim. Since Townsend was not EPSCO's agent or employee, it is entitled to summary judgment on the invasion of privacy claim.

#### 2. Tort of Outrage

The tort of outrage is not easily proved. It has two elements: 1) conduct so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society, resulting in 2) emotional distress so severe that no reasonable person could be expected to endure it. American Road Service Co. v. Inmon, 394 So.2d 361 (Ala.1980). It is limited "to the most reprehensible situations." State Farm Auto Ins. v. Morris, 612 So. 2d 440, 443 (Ala. 1993).

Townsend's conduct probably meets the first prong of the outrage claim. But Plaintiff fails the second prong- i.e., the evidence does not establish that she suffered sufficiently severe emotional distress. Defendants are entitled to judgment as a matter of law on the outrage claim.

### 3. Negligent Training/ Supervision/ Retention

Without dispute, Aronov never gave training to Townsend on the prevention of sexual harassment. EPSCO's manager Meggs likewise was not afforded such training. But Plaintiff has provided no authority for the proposition that an employer has a duty under Alabama law to provide training to its employees on sexual harassment. Defendants are entitled to summary judgment on Plaintiff's negligent training/ supervision/retention claims.

By separate order, the summary judgment motions will be granted in part and denied in part.

Done this _28th_ day of September, 2001.

Chief United States District Judge
U.W. Clemon